**LI JUAN ZHAO, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Immigration and Naturalization Service, Respondents.**

No. 04–3862–ag.

United States Court of Appeals, Second Circuit.

May 1, 2006.

Li Juan Zhao, New York, New York, for Petitioner, pro se.

Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, David Bitkower, Assistant United States Attorneys, Brooklyn, New York, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. DENNIS JACOBS, and Hon. CHESTER J. STRAUB, Circuit Judges.

**SUMMARY ORDER**

Li Juan Zhao (A72–3962–835) petitions for review of the BIA decision denying a motion to reopen the BIA order affirming the decision of an Immigration ("IJ") Judge Victoria Ghartey denying her applications for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An alien is limited to one motion to reopen exclusion or deportation proceedings, and this motion must be filed within ninety days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2) (2005). Because the BIA issued Zhao's final order of exclusion on February 15, 2000, Zhao's second motion, filed on May 12, 2004, was out of time. An untimely motion may be maintained if the alien can establish one of four limited exceptions. *See* 8 C.F.R. § 1003.2(c)(3) (2005). None apply here. Zhao seeks to reopen on the ground that she has had a second child. However, a change in an individual's personal circumstances does not qualify under the applicable exceptions. *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–

**720**

31 (2d Cir.2005) (holding that an alien failed to qualify for the changed circumstances exception by asserting only that his personal circumstances had changed by the birth of a child). Accordingly, the BIA did not abuse its discretion in denying Lin's motion to reopen as failing to comply with the time and numerical limitations imposed on such motions.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the Court previously granted in this petition is VACATED.